IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT M. ARNOLD MICKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-00954-HEA |
| | ) |
| MISSOURI STATE HIGHWAY | ) |
| PATROL, et al., | ) |
| | ) |
| Defendants. | ) |

### REPLY TO PLAINTIFF'S RESPONSE
### TO DEFENDANTS' MOTIONS TO DISMISS

COME NOW Defendants Franklin County Sheriff's Department, Multi-County Narcotics and Violence Enforcement Unit, and Robert E. Parks and Matthew Becker, by and through counsel, and for their reply to Plaintiff's response to their respective Motions to Dismiss, state:

### INTRODUCTION

Defendants Franklin County Sheriff's Department, Multi-County Narcotics and Violence Enforcement Unit ("MCNVEU"), and Robert E. Parks and Matthew Becker, each filed Motions to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).

### Defendant MCNVEU

In response to Defendant MCNVEU's Motion to Dismiss (Doc. 29), Plaintiff concedes "he cannot maintain a claim against MCNVEU because it is not a 'person' or

1

legal entity." (Doc. 37 at 3). Defendant MCNVEU asks this Court to issue its Order dismissing it with prejudice from this lawsuit.

### Defendant Franklin County Sheriff's Department

In response to Defendant Franklin County Sheriff's Department's Motion to Dismiss (Doc. 24), Plaintiff "concedes the motion to dismiss filed by Franklin County Sheriff's Department." (Doc. 37 at 3). Defendant Franklin County Sheriff's Department asks this Court to issue its Order dismissing it with prejudice from this lawsuit.

### Defendant Prosecutors Robert Parks and Matthew Becker

Plaintiff argues that Defendants Parks and Becker's Motion to Dismiss should be denied because they are not entitled to official immunity. In making that argument, Plaintiff's brief confuses absolute immunity and qualified immunity. Defendants Parks and Becker's Motion to Dismiss should be granted because, as prosecutors, they are entitled to absolute immunity for their decision to initiate a criminal prosecution.

### ARGUMENT

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged." *Young v. Circuit Court of Warren Cty.*, No. 4:17CV2566HEA, 2018 WL 690991 at *2 (E.D. Mo. Feb. 2, 2018) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). The United States Supreme Court has determined prosecutors are entitled to absolute, not qualified, immunity for their decisions to initiate criminal proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976). The Court stated, "If a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his

2

duties…" *Id.* at 424. The Court rejected the argument that prosecutors are entitled to only qualified immunity because "a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *Id.*

Plaintiff admits he is bringing this action "against Parks and Becker in large part because Parks and Becker prosecuted Micke…" (Doc. 37 at 4). Plaintiff argues that Defendants Parks and Becker selectively prosecuted him "to deny him his Constitutionally protected rights." (Doc. 37 at 4). Plaintiff further argues that "the bad faith exception applies." (Doc. 37 at 5). Absolute immunity is not defeated by allegations of malice, vindictiveness, or self-interest. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Even if a prosecutor knowingly presented false, misleading, or perjured testimony, or even if he withheld or suppressed exculpatory evidence, he is absolutely immune from suit. *Id.*

The allegations in Plaintiff's Complaint make clear that Plaintiff's claims against Defendants Parks and Becker are associated with his criminal prosecution. Defendants Parks and Becker are entitled to absolute immunity because Plaintiff's claims stem from their decision to initiate a criminal case against Plaintiff. As such, this Court should grant their Motion to Dismiss.

WHEREFORE, Defendants respectfully request this Court issue its Order dismissing Plaintiff's claims against Defendants Franklin County Sheriff's Department, Multi-County Narcotics and Violence Enforcement Unit, and Robert E. Parks and Matthew

Becker, and granting Defendants such other and further relief as this Court deems just under the circumstances.

Respectfully submitted,

NEWMAN, COMLEY & RUTH P.C.

 /s/ John T. Brooks
Michael G. Berry        ED #33790MO
John T. Brooks          ED#70898MO
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65101
573-634-2266
573-636-3306 (fax)
michaelberry@ncrpc.com
brooksj@ncrpc.com

ATTORNEYS FOR DEFENDANTS ROBERT PARKS, MATTHEW BECKER, AND MULTI-COUNTY NARCOTICS AND VIOLENCE ENFORCEMENT UNIT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of October, 2020, a true and accurate copy of the foregoing was filed electronically with the Court to be served by operation of the Court's electronic filing system.

 /s/  John T. Brooks
John T. Brooks