UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT M. ARNOLD MICKE,              )<br>                                                           )<br>        Plaintiffs,                             )<br>                                                           )<br>v.                                                      )     CASE NO. 4:20CV954 HEA<br>                                                           )<br>MISSOURI STATE HIGHWAY PATROL, )<br>et al.,                                                 )<br>                                                           )<br>        Defendants.                          )  | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Matthew Becker and Robert E. Parks' Motion to Dismiss, [Doc. No. 13], Defendant Missouri State Highway Patrol's Motion to Dismiss, [Doc. No. 16], Defendant Franklin County Sheriff's Department's Motion to Dismiss, [Doc. No. 24], and Defendant Multi-County Narcotics and Violence Enforcement Unit's Motion to Dismiss, [Doc. No. 29]. Plaintiff concede the Motions filed by Defendants Missouri State Highway Patrol ("MSHP"), Franklin County Sheriff's Department ("FCSD"), and Multi-County Narcotics and Violence Enforcement Unit ("MCNVEU"); accordingly, those parties' Motions to Dismiss will be granted. Plaintiff has filed an opposition to the motion of Defendants Becker and Parks, who have filed a reply thereto. For the reasons set forth below, the Motion is granted.

1

**Facts and Background**

Plaintiff's Complaint in this action purports to be "brought pursuant to 42 U.S.C. §1983 and the Fourth and Fifth Amendments to the United States Constitution." Therein, Plaintiff alleges two Counts, one against Defendants Franklin County Missouri, Ralph Finn, and Unknown Detective,[1] and the second against Defendants Robert. E. Parks and Matthew C. Becker. The relevant facts alleged in Plaintiff's Complaint are as follows:[2]

**COUNT I**

Plaintiffs Scott Arnold Micke ("Plaintiff") is a United States citizen residing in the State of Missouri. Plaintiff operated a lawful business located at 116 East Main Street, City of Sullivan in Franklin County, Missouri (the "Business"). Defendant Franklin County, Missouri ("Franklin County") is a municipal corporation organized and existing under the laws of the State of Missouri and governed by its Commissioners. Plaintiff and the Business engaged in the lawful sale of products containing cannabidiol ("CBD"). When CBD is sold in the manner and custom of Plaintiff and the Business, it is a legal substance and not a scheduled, controlled substance. From 2017 to the present, CBD has been and is

---

[1] Plaintiff has conceded to the termination of the Missouri State Highway Patrol, the Franklin County Sheriff's Department, and the Multi-County Narcotics and Violence Enforcement Unit as defendants in this action; for brevity the Court has removed them from discussion as defendants to Count I.

[2] The recitation of facts is taken from Plaintiffs' Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

sold widely throughout Franklin County at businesses such as Costco, Walmart, gas stations, liquor stores and tobacco shops.

Defendant Sullivan Police Department ("SPD") is municipal police department within Franklin County, Missouri, organized under the laws of the State of Missouri. Defendant Ralph Finn ("Det. Finn") is a detective in the SPD and a member of the MCNVEU. Defendant Unknown Detective ("Det. Unknown") is a detective in the SPD and a member of the MCNVEU. The MCNVEU is a group of law enforcement officers from Franklin County and other Missouri counties organized and existing to conduct drug related investigations.

On November 8, 2018, Det. Finn and Det. Unknown, working in coordination with Franklin County Sheriff's Department, entered the premises of the Business and conducted a search of the store, the private offices of Plaintiff, the inventory room, and the private section of the store. They did not have a search warrant or authority to enter the premises for the purpose of a search. An employee of the Business who was working at the time was ordered to stand behind a counter, remove the contents of his clothing and shoes, and provide and gather inventory requested by Det. Finn. The employee was threatened with arrest and was told he could be "in a lot of trouble." Det. Finn proceeded to go through drawers, closed cabinets, and behind closed doors, gathering and removing various

3

products and other inventory from Plaintiff's store. When Det. Finn left Plaintiff's store with these items, he did not have a warrant authorizing their seizure.

Det. Finn then provided a "probable cause statement" on August 23, 2018.[3] The statements made in the probable cause statement were false in material respects, Det, Finn knew the statements were false, and Det. Finn made them under oath. In his probable cause statement, Det. Finn indicated that complaints were received from various citizens that the Business was selling marijuana and marijuana products and that there was an "odor" of marijuana around the store, and that these complaints were received by the FCSD and the SPD. Det. Finn knew that at no time did the Business sell marijuana or marijuana products and that there had not been complaints of a marijuana odor coming from the Business at any time during Plaintiff's regular business hours. Further, in his probable cause statement, Det. Finn stated that numerous samples of the products containing CBD were voluntarily provided to detectives by a store employee, although he knew that these items were not obtained voluntarily, but rather were "seized" unlawfully, without a warrant, and by ordering the employee to provide these "samples" or face arrest.

A judge, relying on Det. Finn's probable cause statement, then issued a warrant for Plaintiff's arrest. Plaintiff was arrested on December 18, 2018 at his

---

[3] The Court notes that the dates in the Complaint do not always flow chronologically, e.g. the events of November 28, 2018 are discussed followed by "Det. Finn *then* provided… on August 23, 2018." The Court is unsure whether this is intentional or the result of a typographical error.

Business in front of customers and business associates in full public view. Plaintiff was charged with felony distribution of a controlled substance in a protected location, a Class A felony, and was required to post a $30,000.00 bond.

Prior to Plaintiff's arrest, a search warrant was issued for Plaintiff's Business premises based on information falsely provided by Det. Finn. This resulted in a search of the Business on July 24, 2018 and the seizure of a large amount of Plaintiff's property, inventory, and personal information and files.

Plaintiff alleges that Det. Finn, Det. Unknown, and SPD, acting under color of law, deprived Plaintiff of his rights to be free from warrantless searches and seizures under the Fourth Amendment of the United States Constitution and to due process of law under the Fifth Amendment of the United States Constitution. SPD failed to properly train or supervise Det. Finn and Det. Unknown. Plaintiff alleges that Det. Finn was not adequately supervised, and his probable cause statement was not verified by a commanding officer or supported by an assisting officer. Franklin County permits the sale of CBD products that are identical and similar to the products sold by Plaintiff at other retail outlets. Plaintiff alleges that Franklin County's selective prosecution and/or enforcement of CBD product sales is either a byproduct of mismanagement and/or a failure to properly or adequately train and supervise its agents and employees, and specifically, Det. Finn and Det. Unknown.

For Count I of the Complaint, Plaintiff alleges that as a result of the actions of Defendants SPD, Franklin County, Det. Finn, and Det. Unknown, he is entitled to compensatory damages for the seizure of his property, lost income resulting from the seizure of inventory and the interruption of his business, his loss of liberty, his loss of reputation and standing in the community, and for the costs of defending himself in connection with criminal charges. Plaintiff alleges that the actions of Det. Finn and Det. Unknown were willful, wanton, and with a conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages.

**COUNT II**

Defendant Robert E. Parks ("Parks") was previously the prosecuting attorney for Franklin County, Missouri. On December 18, 2018, Parks filed an Affidavit and Complaint in Felony Case ("Felony Affidavit") charging Plaintiff with a Class A felony of distribution of a controlled substance in a protected location. The Felony Affidavit alleged that Plaintiff distributed more than 35 grams of a synthetic cannabidiol, a controlled substance, to a confidential informant, knowing that he did so within 2,000 feet of real property comprising of a public elementary school. On the date the Felony Affidavit was filed, no lab testing was conducted on any of the seized items. Further, no lab testing subsequently confirmed that on July 24, 2018, the products purportedly sold by Plaintiff to the confidential informant contained a synthetic cannabidiol.

Parks filed the Felony Affidavit based on false and unverified information. Parks knew or should have known that the MCNVEU had not previously been involved in any coordinated effort to bring to justice sellers of CBD products. Parks knew or should have known that CBD products are derived from hemp and that THC components are removed from CBD to a level below 0.3 of 1% of THC and is therefore non-narcotic. Further, Parks knew or should have known that criminal prosecutions in Jefferson County and St. Francois County which relied on warrants that were issued based on the same statements from Det. Finn were dismissed after motions to quash the search warrants were heard and sustained.

Defendant Matthew Becker ("Becker") is the current prosecuting attorney for Franklin County, Missouri; he succeeded Parks. Becker was presented with evidence concerning the disposition of Det. Finn's application for search warrant in St. Francois County and Jefferson County, as well as the applicable law relating to CBD, and continued the prosecution against Plaintiff. Becker knew or should have known that none of the products sold by Plaintiff at his Business were schedule I controlled substances or narcotics, and that dozens of retailers sold the same and similar products in Franklin County, although none were prosecuted.

After an evidentiary hearing, the criminal prosecution against Plaintiff was dismissed by the Honorable Stanley D. Williams on July 10, 2019, ending the criminal proceeding in Plaintiff's favor. Parks and Becker lacked probable cause to

initiate and prosecute criminal charges and in doing so, acted maliciously or not for the purpose in bringing Plaintiff to justice.

For Count II of the Complaint, Plaintiff alleges that as a result of the criminal proceeding prosecuted by Parks and Becker, he suffered a significant deprivation of liberty and is entitled to compensatory damages for the malicious criminal prosecution he endured, for his loss of income as a result of the seizure of inventory and the interruption of his business, his loss of liberty, his loss of reputation and standing in the community, and for the costs of defending himself in connection with criminal charges. Plaintiff alleges that the actions of Parks and Becker were willful, wanton, and with a conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages.

## Discussion

As discussed above, Plaintiff has conceded to dismissal of Defendants Missouri State Highway Patrol, Franklin County Sheriff's Department, and Multi-County Narcotics and Violence Enforcement Unit. Therefore, the only Motion to Dismiss remaining to be decided here is that of Defendants Parks and Becker. Parks and Becker argue that they are entitled to absolute immunity as prosecutors. In response to Parks and Becker's absolute immunity assertion, Plaintiff claims that no immunity is available. when actions are done in bad faith or malice or when conduct violates clearly established statutory or constitutional rights.

8

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

"An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419, n. 13, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976). Here, if Parks and Becker are entitled to absolute immunity, then Plaintiff's claims against them are fatally flawed and must be dismissed.

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is [absolutely] immune from a civil suit for damages under s 1983." *Id.* 424 U.S. at 431. While absolute immunity "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," the Supreme Court has concluded that the "alternative of qualifying a prosecutor's immunity would disserve the broader public interest." *Id.* at 427.

9

There are certainly situations in which a prosecutor does not enjoy absolute prosecutorial immunity. Prosecutors are only entitled to absolute immunity "when the prosecutor performs distinctly prosecutorial functions." *McGhee v. Pottawattamie County,* 547 F.3d 922, 933 (8th Cir. 2008). For example, "absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343, 129 S. Ct. 855, 861, 172 L. Ed. 2d 706 (2009) (internal citations omitted). Nor does absolute immunity apply when a prosecutor violated a person's rights by "obtaining, manufacturing, coercing and fabricating evidence before filing formal charges, because this is not 'a distinctively prosecutorial function.'" *McGhee,* 547 F.3d at 933. Additionally, prosecutors do not enjoy absolute immunity when they perform administrative or investigative functions. *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996).

Here, Plaintiff alleges that Parks and Becker injured him by charging him and with the crime of distributing a controlled substance in a protected location and prosecuting him for that charge. Initiating and pursuing the prosecution of crimes are the precise prosecutorial functions that are entitled to absolute immunity. *See, e.g. Imbler*, 424 U.S. at 410. Although Plaintiff argues that "the bad faith exception

10

applies," the law does not support such an exception to absolute prosecutorial immunity. "Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity." *Stockley v. Joyce*, 963 F.3d 809, 818 (8th Cir. 2020) (quoting *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016)); *see also Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 580 (8th Cir. 2006) ("Immunity is not defeated by allegations of malice, vindictiveness, or self-interest.").

Plaintiff's arguments in opposition to Parks and Becker's Motion to Dismiss are based erroneously on the doctrines of official immunity and qualified immunity. Each of these doctrines is distinct from absolute immunity in scope and application. The exclusions upon which Plaintiff relies are not applicable to Parks and Becker, who are entitled to absolute immunity while performing the distinct prosecutorial functions of initiating and pursuing the prosecution a criminal prosecution.

**Conclusion**

Defendants Parks and Becker are entitled to absolute immunity regarding the claims alleged in the Complaint. Defendants Parks and Becker's Motion to Dismiss will be granted. The Motions to Dismiss of Defendants MSHP, MCNVEU, and FCSD will be granted pursuant to Plaintiff's concession. Plaintiff's claims against Defendants Franklin County, Missouri, Sullivan Police Department,

Ralph E. Finn, and Unknown Detective remain pending before the Court. Plaintiff will be granted 14 days to file an Amended Complaint if he so chooses.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Matthew Becker and Robert E. Parks' Motion to Dismiss, [Doc. No. 13], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Missouri State Highway Patrol's Motion to Dismiss, [Doc. No. 16], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Franklin County Sheriff's Department's Motion to Dismiss, [Doc. No. 24], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Multi-County Narcotics and Violence Enforcement Unit's Motion to Dismiss, [Doc. No. 29], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum, and Order to file an Amended Complaint.

Dated this 30th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE